United States District Court
Southern District of Texas
**ENTERED**
July 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RTIC DRINKWARE, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1201 |
| | § | |
| YETI COOLERS, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This declaratory judgment action, filed May 2, 2016, is before the Court on the Motion to Transfer Venue, Dismiss or Stay ("Motion to Transfer") [Doc. # 10] filed by Defendant Yeti Coolers, LLC ("Yeti"), to which Plaintiff RTIC Drinkware, LLC ("RTIC") filed a Response [Doc. # 16], and Yeti filed a Reply [Doc. # 16]. Yeti asks this Court to transfer this case to the Western District of Texas where Yeti's first-filed lawsuit against RTIC is currently pending. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Defendant's Motion should be **granted** and this case should be transferred to the Western District of Texas.

## I.   BACKGROUND

Yeti is a well-known provider of premium, heavy-duty coolers and insulated tumblers. RTIC sells premium, heavy-duty insulated drinkware directly to consumers

through its website, "RTICCoolers.com," and also sells the drinkware to convenience stores and other retailers.

On March 2, 2016, Yeti filed a lawsuit against RTIC Coolers, LLC[1] ("RTIC Coolers") in the United States District Court for the Western District of Texas, Austin Division.  *See Yeti Coolers, LLC v. RTIC Coolers, LLC, et al.*, Civil Action No. 1:16cv264-RP ("First-Filed Lawsuit").  On May 16, 2016, Yeti filed an amended complaint in the First-Filed Lawsuit adding RTIC and others as named defendants. Yeti alleged, *inter alia*, that RTIC copied the trade dress and design of Yeti's insulated drinkware products.  Yeti alleged also that RTIC and the other defendants engaged in unfair competition.

On May 2, 2016, RTIC filed this lawsuit, seeking a declaratory judgment that it has not copied the trade dress and design of Yeti's insulated drinkware products and has not engaged in unfair competition.  Additionally, RTIC asserts causes of action for attempted monopolization under the Sherman Act, and tortious interference with contract and with prospective business relations.

Yeti filed a Motion to Transfer this case to the Western District of Texas, Austin Division, because its trade dress infringement lawsuit there was the first one

---

[1]     RTIC Coolers was originally the only company marketing RTIC products.  After Yeti sued RTIC Coolers in 2015 in connection with its sale of allegedly infringing coolers, RTIC was formed to market the company's drinkware products.

of the lawsuits filed involving RTIC's alleged infringement of Yeti's drinkware.  The

Motion to Transfer has been fully briefed and is now ripe for decision.

## II.   <u>APPLICABLE LEGAL STANDARD</u>

"The Fifth Circuit adheres to the general rule that the court in which an action

is first filed is the appropriate court to determine whether subsequently filed cases

involving substantially similar issues should proceed."[2]  *In re Amerijet, Inc.*, 785

F.3d 967, 976 (5th Cir. 2015) (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d

947, 950 (5th Cir. 1997)); *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 603

(5th Cir. 1999).  Under the first-to-file rule, "the cases need not be identical; rather,

the crucial inquiry is one of substantial overlap."  *Amerijet*, 785 F.3d at 976 (internal

quotation and citation omitted).  Specifically, "substantial overlap between cases does

not require that the parties and issues be identical."  *America Can! Cars for Kids v.

Kars 4 Kids, Inc.*, 2016 WL 3688631, *2 (N.D. Tex. July 11, 2016) (citing *Save

Power*, 121 F.3d at 950).  "The rule rests on principles of comity and sound judicial

administration and the concern underlying the rule manifestly is to avoid the waste of

duplication, to avoid rulings which may trench upon the authority of sister courts, and

---

[2]     RTIC in its Response presents arguments based on legal authority from the Federal
Circuit.  There are no patent claims in this lawsuit and, as a result, there is no legal
basis for applying Federal Circuit legal authority.  Instead, Fifth Circuit legal
authority governs the resolution of Yeti's Motion to Transfer.

to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (internal quotation and citation omitted).  If the district court presiding over the second-filed lawsuit finds that "the issues might substantially overlap, the proper course of action" is to transfer the case to the first-filed court for a decision regarding "which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606.

## III.   ANALYSIS

RTIC does not dispute that the issues in this case substantially overlap with those in the Austin lawsuit.  Indeed, RTIC in this case requests a declaratory judgment that it has not engaged in the conduct alleged against it in the First-Filed Lawsuit.

RTIC argues, instead, that the Austin case should not be considered "first-filed" because RTIC Coolers, not RTIC Drinkware, was named as a defendant in the original complaint in that lawsuit.  As noted above, however, the parties need not be identical. In this case, RTIC Coolers and RTIC Drinkware are sufficiently affiliated for there to be substantial overlap between this case and the Austin case.  In the First-Filed Lawsuit, Yeti alleged that a purchaser of infringing drinkware from "RTICCoolers.com" receives a credit card charge by "RTIC Coolers, LLC."  RTIC Coolers asserted that it merely processes the credit card charges on behalf of RTIC Drinkware.  Regardless, RTIC Drinkware is now a party to both lawsuits.

RTIC also argued in its Response that RTIC Coolers was an improper defendant to the First-Filed Lawsuit and, therefore, the Austin case should not be considered first-filed.  The argument that RTIC Coolers was an improper defendant was the subject of a Motion to Dismiss filed by RTIC Coolers in the First-Filed Lawsuit.  By Order entered July 19, 2016, the Honorable Robert Pitman rejected RTIC Coolers' argument and denied its Motion to Dismiss.[3]  *See* Order, Exh. 1 to Yeti's Notice of Order [Doc. # 26].

The lawsuit Yeti filed in Austin is the first-filed, having been filed against RTIC Coolers, a party adequately related to RTIC Drinkware, two months before this declaratory judgment action.  The parties and issues in the two cases now substantially overlap.  There are no compelling circumstances that weigh against following the "first-filed rule" in this case.  Indeed, this appears to be a classic case for application of the "first-filed rule" to transfer a declaratory judgment action to the court in which the first-filed affirmative trade dress infringement lawsuit is pending.  As a result, the Court will grant the Motion to Transfer and will transfer this case to the Western

---

[3]     In the First-Filed Lawsuit, Yeti alleged that consumers could purchase infringing drinkware at the website "RTICCoolers.com."  RTIC Coolers argued in its Motion to Dismiss that the website "RTICCoolers.com" is operated by RTIC Web Services, LLC and by Corporate Support & Fulfillment, not by RTIC Coolers.  The district court in Austin noted, however, that Yeti alleged that "RTICCoolers.com" expressly stated as recently as early 2016 that it was "operated by RTIC Coolers, LLC."  RTIC Coolers argued before the Austin court that this was a mistake.

District of Texas, Austin Division, to be considered in connection with the First-Filed Lawsuit currently pending there.

## IV.   CONCLUSION AND ORDER

This second-filed action involves issues that substantially overlap with those in the currently-pending First-Filed Lawsuit in the Western District of Texas.  As a result, it is hereby

**ORDERED** that Yeti's Motion to Transfer [Doc. # 10] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Western District of Texas, Austin Division, to be considered in connection with *Yeti Coolers, LLC v. RTIC Coolers, LLC, et al.*, Civil Action No. 1:16cv264-RP.  It is further

**ORDERED** that Yeti's Motion to Dismiss RTIC's Antitrust and Tortious Interference Claims and, In the Alternative, to Sever and Stay [Doc. # 11] is **DENIED WITHOUT PREJUDICE** to being reurged following transfer to the Western District of Texas.

**SIGNED** at Houston, Texas, this **26th** day of **July, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE